G. E. BENNETT v. W. H. STRATTON.

Decided March 20, 1901.

Plea of Privilege—Waiver of—Jurisdiction.

Defendant, being sued out of the county of his residence, filed with his answer a plea to the jurisdiction, asserting his privilege to be sued in his own county. His attorney, over the telephone, asked plaintiff's attorney to have the case set for a day certain of the appearance term, and the latter stated that he would insist upon this as a waiver of the plea, and defendant's attorney said he would not agree to waive his plea. Plaintiff's attorney then, in accordance with this conversation, had the court to enter an order setting the case for a day certain "by request of defendant's attorney." Held, that there was no waiver of the plea of privilege.

Appeal from the County Court of Johnson. Tried below before Hon. W. D. McKay.

*Wallace Hendricks,* for appellant.

*Henry, Brown & Patton,* for appellee.

NEILL, ASSOCIATE JUSTICE.—This suit was brought in the County Court of Johnson County by appellee against appellant on the 4th day of June, 1900, to recover the sum of $500 alleged to be due upon a written contract, the terms of which, from our view of the case, need not be stated.

The appellant, defendant below, on the 30th day of June, 1900, filed a plea in abatement, in which he alleged that he resided in Tarrant County, as was averred in plaintiff's petition, and not in the county of Johnson, and in such plea he made such further necessary allegations as showed his right to be sued in the county of his domicile, which right he claimed in said plea as his privilege. Subject to this plea the defendant on the 2d day of July, 1900, filed an answer to the merits.

On the 14th day of July, 1900, the plaintiff, by supplemental petition in replication of defendant's plea in abatement, alleged that on the 3d day of July, 1900, the defendant by his attorney appeared in the case, and without calling the court's attention to the plea of privilege requested, agreed and consented that the case be set for trial on the merits as well as on said plea to its jurisdiction upon a particular day.

On the 14th day of June, 1900, the case was tried by the court without a jury, who, after hearing the evidence upon the issue of fact thus raised upon the plea in abatement, decided thereon in favor of plaintiff. It then tried the case upon its merits, and rendered judgment in favor of plaintiff for the amount sued for.

The action of the court in not sustaining appellant's plea in abatement is assigned as error.

The facts relative to this assignment are as follows: It was admitted upon the trial that the facts stated by defendant in his plea to the juris-

diction are true. The following entry appears on the judge's docket: "By request of defendant's attorney, case set by agreement for July 14th." The attorney for plaintiff then testified as follows: "About July 2d or 3d, the plaintiff's attorney, Mr. Wallace Hendricks, called me up over the telephone, he then being in Fort Worth. I was one of the attorneys for the plaintiff in the above case. Tuesday, July 3, 1900, was appearance day in the County Court of Johnson County. The following is the substance of the conversation that occurred between me and the defendant's attorney over the 'phone: Mr. Hendricks asked me to have the above case set down for trial at a particular day of the term of the court. I asked whether he meant to have it set down for trial on the merits or on the plea of the jurisdiction. He replied on both. I told him I would agree to set the case down for a day certain, but would not agree to do so without prejudice to his plea to the jurisdiction, and that I would insist that such appearance by him and his having the case so set down would be a waiver of his plea. Then, in accordance with the agreement made over the telephone, I went over to the courthouse and in open court had the entry above written made on the court docket. Neither the exception nor plea to the jurisdiction was called to the attention of the court until the 14th day of July, when the case was called for trial by the court. Mr. Hendricks said he would not agree to waive his plea of privilege."

In our opinion these facts do not bring the case within the provisions of article 1291, Revised Statutes, nor constitute a waiver of appellant's privilege of being sued in the county of his residence. It clearly appears from them that in his agreement with plaintiff's counsel defendant did not intend to waive his plea in abatement, and that plaintiff's counsel, when he agreed with him to set the case for that time, knew that he did not intend to waive his right to be sued in the county of his residence. Plaintiff's supplemental petition itself avers that defendant's attorney in having the case set "requested, agreed, and consented that the case be set down for trial on the merits as well as on said plea to the jurisdiction." This shows the construction of plaintiff's counsel of the agreement to set the case, and in view of it. as well as the facts, it was error to hold that the defendant, by appearing through his counsel and having the case set for trial at a day of the appearance term of court, had waived his right to be heard upon said plea.

Until the defendant, as was his right, was heard on his plea of privilege, which, it seems from the admissions and evidence, should have been sustained, the assignments of error going to the merits of the case, in our opinion, should not be considered.

For reason of the error indicated, the judgment of the court is reversed and the cause remanded.

*Reversed and remanded.*